Exhibit A

 CT Corporation

**Service of Process Transmittal**
09/30/2013
CT Log Number 523592669

TO: Joe Braunreuther
Johnson & Johnson
1 Johnson & Johnson Plaza
New Brunswick, NJ 08933

RE: **Process Served in Washington**

FOR: Depuy Orthopaedics, Inc. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Patsy Barker, etc., et al., Pltfs. vs. Johnson & Johnson, etc., et al. including Depuy Orthopaedics, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Letter, Order |
| **COURT/AGENCY:** | King County Superior Court, WA Case # 132320312SEA |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - DePuy ASR hip implant device |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Olympia, WA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/30/2013 at 12:46 |
| **JURISDICTION SERVED :** | Washington |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service of this summons, excluding the day of service |
| **ATTORNEY(S) / SENDER(S):** | Lincoln C. Beauregard Connelly Law Offices 2301 North 30th Street Tacoma, WA 98403 253-593-5100 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Priority Overnight , 796797331050 Image SOP Email Notification, Michele Bacorn mbacorn@its.jnj.com Email Notification, Stephanie Youngman SYoungma@its.jnj.com |
| **SIGNED:** | CT Corporation System |
| **PER:** | Michele Rowe |
| **ADDRESS:** | 505 Union Avenue SE Suite 120 Olympia, WA 98501 |
| **TELEPHONE:** | 360-357-6794 |

Page 1 of  1 / CL

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Served by
ABC Legal

SEP 30 2013

Time: 12:14

1

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

8  PATSY BARKER, an individual, KATHERINE
WELLS, an individual, KENNETH SMITH, an
9  individual, and DANNY BARKER, and
individual,
10
                              Plaintiff,
11              v.

12  JOHNSON & JOHNSON, a New Jersey
Corporation, DEPUY ORTHOPAEDICS, INC.,
13  an Indiana Corporation; AIA, Inc., a
Washington Corporation,
14
                              Defendants.
15

NO. 13-2-32031-2 SEA

SUMMONS

16  TO:    DEFENDANT

17        The Plaintiffs have started a lawsuit against you in this Court.  The Plaintiffs state

their claim in the written complaint, a copy of which is served on you with this Summons.

18        To defend against this lawsuit, you must respond to the complaint by stating your

19  defense in a written answer.  You must serve a copy of your answer on the attorney for the

20  Plaintiffs within twenty (20) days after the service of this summons, excluding the day of

21  service, or a default judgment may be entered against you without notice.  A default judgment

22  is one where the Plaintiffs are entitled to what they ask for because you have not responded.

23

SUMMONS - 1 of 2



CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   If, however, you serve a notice of appearance on the attorney for the Plaintiffs, you are

2   entitled to notice before a default judgment may be entered.

3        You may demand that the plaintiff file this lawsuit with the Court.  If you do so, you

4   must state your demand in writing and serve it on the Plaintiffs.  Within fourteen (14) days

5   after you serve the demand the Plaintiffs must file this lawsuit with the Court or this summons

6   will be void.

7        If you wish to seek the advice of an attorney in this matter, you should do so promptly

8   so that you may serve your written response, if any, on time.

9        This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10  State of Washington.

11

12       DATED this _____ day of September, 2013.

13                              CONNELLY LAW OFFICES

14

15                         By_____

16                              Lincoln C. Beauregard, WSBA No. 32878
                                Attorneys for Plaintiff

17

18                         McLAUGHLIN & ASSOCIATES

19

20                         By_____

21                              Ashton K. Dennis, WSBA No. 44015
                                Attorneys for Plaintiff

22

23



SUMMONS - 2 of 2

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

PATSY BARKER, an individual, KATHERINE
WELLS, an individual, KENNETH SMITH, an
individual, and DANNY BARKER, and
individual,

                     Plaintiff,

     v.

JOHNSON & JOHNSON, a New Jersey
Corporation, DEPUY ORTHOPAEDICS, INC.,
an Indiana Corporation;  A1A, Inc., a
Washington Corporation,

               Defendants.

NO.

COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, by and through her attorneys of record, Lincoln C.
Beauregard and Ashton K. Dennis, and by way of claim alleges as follows:

## I.   PARTIES AND JURISDICTION

1.      Plaintiff Patsy Barker is a resident of Pierce County, Washington.

2.      Plaintiff Katherine Wells is Ms. Patsy Barker's daughter and resides in Pierce
County, Washington.

3.      Plaintiff Kenneth Smith is Ms. Patsy Barker's son and resides in Pierce
County, Washington.

COMPLAINT FOR DAMAGES - 1 of 10



CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

4.      Plaintiff Danny Barker is Ms. Patsy Barker's son and resides in Thurston County, Washington.

5.      Defendant Johnson & Johnson is a foreign corporation doing business in Washington State including Pierce County. Defendant Johnson & Johnson's principal place of business is in New Jersey and is subject to the punitive laws of that state.

6.      Defendant DePuy Orthopaedics, Inc., hereinafter "DePuy," was a foreign corporation licensed to and doing business in Washington State including Pierce County. DePuy's registered agent is C T Corporation System located at 505 Union Avenue; Suite 120, Olympia, Washington 98501.

7.      Defendant A1A, Inc., is a Washington Corporation with its principal place of business in Seattle, Washington. Defendant A1A, Inc.'s registered agent is Scott C. Henderson located at 1201 3rd Avenue; Suite 3200, Seattle, Washington 98101.

8.      This Court has jurisdiction over this matter and venue is proper within King County.

## II.     STATEMENT OF FACTS

9.      Defendant Johnson & Jonson and Defendant DePuy manufactured and sold the DePuy ASR hip implant device which is subject to this suit.

10.      Plaintiff Patsy Barker was implanted with a DePuy ASR hip implant on her right hip on or about October 23, 2008 at Allenmore Hospital in Tacoma, Pierce County, Washington by Dr. John J. Jiganti.

11.      Orthopeadic experts warned all named defendants were warned of significant flaws with the ASR hip implant. The defendants were warned that the ASR hip cup was too thin and thus prone to deformation. The defendants were warned that the clearance between

COMPLAINT FOR DAMAGES - 2 of 10

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1   the ASR hip cup and head was too small and in some patients could lead to jamming of

2   components. The defendants were warned that the treatment of the metal used for the ASR

3   hip cup and head was prone to increased wear. By 2005, and three years prior to Ms. Barker's

4   implant, the ASR hip implant was shown to have a fourfold higher rate of revision than a

5   similar cup in the Australian Joint Registry. All the named defendants disregarded these

6   warnings and continued to manufacture and sell the product they knew to be flawed and

7   dangerous.

8          12.    At all times relevant to this action, Defendant A1A, Inc., served as a distributor

9   for the product at issue in this matter, promoting, selling, distributing, and servicing the

10   product. Defendant A1A, Inc., was warned that the product at issue was flawed in design

11   prior to distributing said product. In fact, Defendant A1A, Inc., received hundreds of

12   complaints of the flawed product between 2005 and 2009. Defendant A1A, Inc., had

13   knowledge of the flawed design prior to Ms. Barker's implantation; however, it willfully

14   disregarded those warnings and continued selling the product.

15          13.    DePuy recalled the ASR Hip System and components on or about August 24,

16   2010.

17          14.    Plaintiff was notified by Broadspire, an agent for DuPuy, of the recall on or

18   about October 26, 2010.

19          15.    Plaintiff continued to suffer pain, suffering and injury as a result of the ASR

20   Hip Implant and components. Plaintiff had the DePuy ASR Hip Implant removed on August

21   1, 2013. Since the date of the removal plaintiff has continued to suffer injury. Prior to

22   removing the implant, Plaintiff had elevated levels of metal in her blood as a result of the

23   implant.

COMPLAINT FOR DAMAGES - 3 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

16.   Plaintiff has suffered injuries as a result of the implantation and removal of the DePuy ASR Hip System Device and components designed, developed, manufactured and marketed and/or sold by the defendants.

17.   Ms. Barker's children, Ms. Wells, Mr. Smith and Mr. Barker have suffered loss of consortium as a result of the defendants' conduct.

### III.   CAUSES OF ACTION

*Products Liability*

19.   Defendant Johnson & Johnson and DePuy manufactured and distributed the ASR Hip System Device and components, hereinafter referred to as "the implant", involved in the incident described.

20.   Defendant Johnson & Johnson and DePuy are "manufacturer(s)" of the ASR Hip System Device and components that caused injury to the plaintiff, within the meaning of RCW 7.72.010(2), and a "product seller" within the meaning of RCW 7.72.010(1).

21.   A1A, Inc., is a "product seller" within the meaning of RCW 7.72.010(1) of the ASR Hip System Device and components that caused injury to the plaintiff.

22.   Defendants designed, developed, manufactured, marked and/or sold the ASR Hip System Device and components which are unreasonably dangerous and defective.

23.   Defendants developed, manufactured, marketed and / or sold ASR Hip System Device which is unreasonably dangerous and defective because it was in an unreasonably dangerous condition when put to its reasonably anticipated use.

24.   The unreasonably dangerous and defective ASR Hip System Device and components were used by Plaintiff in a manner reasonably anticipated by the defendants.

COMPLAINT FOR DAMAGES - 4 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

25.     As a product manufacturer, defendants are subject to strict liability because the ASR Hip System Device and components were not reasonably safe as designed and not reasonably safe because adequate warnings and instructions were not provided.

26.     Among the reasons the ASR Hip System Device and components were not reasonably safe as designed and were not reasonably safe as manufactured is that the design was unreasonably dangerous, necessary safeguards were not included adequate warnings and instructions were not included.

27.     The ASR Hip System and components were unsafe to an extent beyond which would be contemplated by the ordinary consumer, and contained other defects which rendered them not reasonably safe, subjecting defendant to strict liability under the Washington Product Liability Act, RCW 7.72, et seq.

***Consumer Protection Act***

28.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

29.     Defendants violated the Consumer Protection Act, RCW 19.86 et. seq. by misleading and deceiving Plaintiff about the safety and efficacy of the DePuy ASR Hip System Device and Components.

30.     Defendants engaged in unfair and deceptive actions. These acts and practices occurred in the conduct of defendants' designers, manufacturers, distributors, and sellers of the DePuy ASR Hip System Device and components. These acts and / or practices affected the public interest and caused plaintiff injury in her property.

31.     Defendants lured the plaintiff into accepting implantation of the DePuy ASR Hip System Device and components by making certain material representations.

COMPLAINT FOR DAMAGES - 5 of 10

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

32.     As a direct and proximate result of the defendants' actions, Plaintiff has suffered damage, including but not limited to severe emotional pain and suffering.

33.     As a consequence of their wrongful conduct, defendants are liable to Plaintiff for damages in an amount to be determined at trial.

**Breach of Implied Warranty**

34.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

35.     Defendants designed, developed, manufactured, marketed and / or sold, and supplied the DePuy ASR Hip System Device and components.   This product was not reasonably safe because it did not conform to the manufacturer's express warranty.

36.     Plaintiff was injured by the device.

37.     The unsafe condition of the DePuy ASR Hip System Device and components was a proximate cause of the plaintiff's injuries.

**Breach of Implied Warranty of Merchantability**

38.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

39.     Defendants are merchants with respect to the goods of the kind that injured plaintiff, i.e., the DePuy Hip System Device and components.

40.     Defendants are strictly liable to the plaintiffs as the DePuy ASR Hip System Device and components did not conform to the implied warranties under Title 62A RCW.

41.     Plaintiff was injured by the device.

42.     The acts or omissions of the defendants were a proximate cause of plaintiff's injuries and damages.

COMPLAINT FOR DAMAGES - 6 of 10

*Implied Warranty of Fitness for a Particular Purpose*

43.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

44.     Defendants were informed and aware that Plaintiff intended to use the DePuy ASR Hip System Device and components supplied under the contract as a hip replacement for her right hip, and that Plaintiff relied upon their skill and judgment to select and / or furnish suitable for that purpose.

45.     Defendants are strictly liable to Plaintiff as the DePuy ASR Hip System Device and components did not conform to the implied warranties under Title 62A RCW.

46.     Plaintiff was injured by the device.

47.     Defendants' breach of the implied warranty of fitness for a particular purpose was a proximate cause of the plaintiff's injuries.

*Outrage*

48.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

49.     Defendant intentionally and / or recklessly inflicted severe emotional distress upon the plaintiff and defendants knew or should have known that their conduct would likely inflict severe emotional distress upon the plaintiff.

50.     Defendants' actions were extremely outrageous, beyond all possible bounds of decency, atrocious, and utterly intolerable in a civilized community.

51.     As a direct and proximate result of the defendant's outrageous conduct, plaintiff suffered severe emotional distress.

COMPLAINT FOR DAMAGES - 7 of 10

52. As a consequence of their wrongful conduct, defendants are liable to plaintiff for damages in an amount to be determined at trial.

***Negligent Infliction of Emotional Distress***

53. Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

54. Defendants owed a duty of reasonable care to avoid inflicting emotional harm and distress upon the plaintiff.

55. Defendants breached that duty, proximately causing harm to the plaintiff.

56. It was reasonably foreseeable that the above-described actions and statement by the defendants would result in extreme emotional distress to the plaintiff, and such distress did proximately result.

57. As a direct and proximate result of the defendants' outrageous conduct, plaintiff suffered severe emotional distress.

IV.   NOTICE

58. Consistent with the provisions of RCW 5.60.060(4)(b) and pursuant to Loundon v. Mhyre, 110 Wn. 2d 675 (1988) Plaintiffs do not authorize ex parte contact with their physicians, either by way of in-person interviews, telephone conversations or conferences, correspondence or requests for medical records, unless accompanied by a properly noted subpoena duces tecum for discovery depositions.

IV.   DAMAGES

59. Plaintiff suffered conscious pain, suffering and mental anguish, as well as physical disability and permanent injuries, the extent of which is now unknown but will be proven at time of trial.

COMPLAINT FOR DAMAGES - 8 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

60.     Plaintiff also claims damages for loss of enjoyment of life, emotional distress, anguish, mental and emotional shock, loss of consortium and other special damages presently unknown.

61.     Plaintiffs suffered loss of consortium as a direct and proximate result of the defendant's conduct.

62.     As a direct and proximate result of the defendant's action, omission and negligence, the Plaintiffs has suffered pecuniary loss and other general and special damages that will be proven at the time of trial.

63.     Plaintiff further asserts and maintains any and all claims and damages in accordance with RCW 4.16.340.

64.     Plaintiff further asserts and maintains any and all claims and damages for punitive damages in accordance with law.

### V.     PUNITIVE DAMAGES

65.0    Defendant Johnson & Johnson and DePuy is subject to punitive damages under the laws of other jurisdictions including that of New Jersey.  Additionally, Defendant Johnson & Johnson and DePuy should be bound by any other rulings from any other jurisdiction providing for the availability of punitive damages under any appropriate jurisdiction.  This notice is provided in accord with CR 44.1

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendants:

(a)     Awarding general damages and special damages in an amount to be proven at
                trial;

COMPLAINT FOR DAMAGES - 9 of 10

1    (b)    Awarding reasonable attorneys' fees and actual and statutory litigation costs,

2                including expert witness fees, or other applicable law;

3    (c)    Awarding all punitive and exemplary damages under applicable law;

4    (d)    Awarding any and all applicable interest on the judgment; and

5    (e)    Awarding such other and further relief as the Court deems just and proper

6                under the circumstances of this case including those delineated by statute.

7

8    DATED this 5 day of September, 2013.

9                          CONNELLY LAW OFFICES

10

11

12               By_____

                      Lincoln C. Beauregard, WSBA No. 32878

                      Attorneys for Plaintiff

13

14                       McLAUGHLIN & ASSOCIATES

15

16

17             By_____

                      Ashton K. Dennis, WSBA No. 44015

                      Attorneys for Plaintiff

18

19

20

21

22

23

COMPLAINT FOR DAMAGES - 10 of 10

**B**

**BROADSPIRE**
a Crawford Company

*300 Connell Drive – Suite 4100*
*Berkeley Heights, NJ  07922*

Phone: (866) 874-2865
Fax: (866) 225-0044

October 26, 2010

Patsy Barker
9205 29th Ave Ct So Sp40
Lakewood, WA  98499

*Don't send*

| |
|---|
| Claim #:  186111761-001 |
| Date of Loss: 1/1/2008 |
| Insured:  Johnson & Johnson (Special-SI) |

### DePuy ASR Hip Recall Claim

DePuy ASR Claim #:  186111761-001

I am writing to share important information about your hip replacement implant, the DePuy ASR Hip System.  A small number of patients with the hip implant you received have experienced problems that require additional care and potentially further treatment.  For this reason, DePuy Orthopedics, Inc., the maker of your hip, has advised that they are recalling the ASR Hip System and recommending that patients be evaluated.

Per our conversation, DePuy will cover your out of pocket costs including the deductibles and co-pays you may incur.  Please bring this letter to your physician, lab, or hospital advising them to send the bills for deductibles and co-payments, directly to Broadspire at the address below.  Broadspire, on behalf of DePuy, will issue payment directly to your physician so you will not have to incur out of pocket expenses for the necessary medical testing.

Included with this letter is a *Medical Release Form*.  Your completion of this form allows Broadspire to share information regarding your hip implant with DePuy.  It is important to share this information with DePuy so DePuy or Broadspire may contact you directly regarding any additional information regarding the ASR Hip System and process your claims efficiently.  Please complete the form and send back to my attention at the address below.

Please feel free to contact me with any questions you may have in regards to your claim.

Send all information to:

Broadspire
P.O. Box 608
Berkeley Hts., NJ  07922-0608
phone: (866) 874-2865
fax: (866) 225-0044

Sincerely,
Broadspire Services, Inc. on behalf of Johnson & Johnson/DePuy

*Kimberly A Taylor*
Claim Examiner
(800)545-2213 ext 3112

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| Barker, Patsy | NO.   13-2-32031-2 SEA |
| Plaintiff(s), | ORDER SETTING CIVIL CASE SCHEDULE |
| vs. | |
| | ASSIGNED JUDGE: Prochnau, Kimberley, Dept. 7 |
| Johnson & Johnson | |
| Respondent(s) | FILED DATE: 9/9/2013 |
| | TRIAL DATE: 11/24/2014 |
| | SCOMIS CODE: *ORSCS |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.*** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

| | |
|---|---|
| PRINT NAME | SIGN NAME |



## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if **the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk.</u>

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 9/9/2013 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 2/18/2014 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. *[See KCLCR 4.2(a) and Notices on Page 2]*. | 2/18/2014 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area. [*See KCLCR 82(e)*] | 3/3/2014 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | 6/23/2014 |
|  | **DEADLINE** for Disclosure of Additional Witnesses [*See KCLCR 26(b)*]. | 8/4/2014 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 8/18/2014 |
|  | **DEADLINE** for Setting Motion for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 8/18/2014 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 10/6/2014 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 10/27/2014 |
|  | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | 11/3/2014 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(2)*]. | 11/3/2014 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 11/10/2014 |
| √ | Joint Statement of Evidence [*KCLCR 4(K)*] | 11/17/2014 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 11/17/2014 |
|  | Trial Date [*See KCLCR 40*]. | 11/24/2014 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: __9/9/2013_____

_____

PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**
  **A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES
**A. Noting of Motions**
 **Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents:   All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:**  E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

Date Served:_____10/1/13_____
Company Served:_____J&J_____

_____
_____2013 022742_____
Personal Service                    NA

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| PATSY BARKER, an individual, KATHERINE WELLS, an individual, KENNETH SMITH, an individual, and DANNY BARKER, and individual, | NO. |
| | SUMMONS |
| Plaintiff, | |
| v. | |
| JOHNSON & JOHNSON, a New Jersey Corporation, DEPUY ORTHOPAEDICS, INC., an Indiana Corporation;  A1A, Inc., a Washington Corporation, | |
| Defendants. | |

TO:    DEFENDANT

   The Plaintiffs have started a lawsuit against you in this Court.  The Plaintiffs state

their claim in the written complaint, a copy of which is served on you with this Summons.

   To defend against this lawsuit, you must respond to the complaint by stating your

defense in a written answer.  You must serve a copy of your answer on the attorney for the

Plaintiffs within twenty (20) days after the service of this summons, excluding the day of

service, or a default judgment may be entered against you without notice.  A default judgment

is one where the Plaintiffs are entitled to what they ask for because you have not responded.

SUMMONS - 1 of 2

COPY

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    If, however, you serve a notice of appearance on the attorney for the Plaintiffs, you are

2    entitled to notice before a default judgment may be entered.

3        You may demand that the plaintiff file this lawsuit with the Court. If you do so, you

4    must state your demand in writing and serve it on the Plaintiffs. Within fourteen (14) days

5    after you serve the demand the Plaintiffs must file this lawsuit with the Court or this summons

6    will be void.

7        If you wish to seek the advice of an attorney in this matter, you should do so promptly

8    so that you may serve your written response, if any, on time.

9        This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10   State of Washington.

11

12   DATED this ___ day of September, 2013.



13                    CONNELLY LAW OFFICES

14

15

16   By_____
                Lincoln C. Beauregard, WSBA No. 32878
                Attorneys for Plaintiff

17

18   McLAUGHLIN & ASSOCIATES

19

20

21   By_____
                Ashton K. Dennis, WSBA No. 44015
                Attorneys for Plaintiff

22

23

SUMMONS - 2 of 2

1
2
3
4
5
6

SUPERIOR COURT OF THE STATE OF WASHINGTON
7
IN AND FOR KING COUNTY

8   PATSY BARKER, an individual, KATHERINE            NO.
    WELLS, an individual, KENNETH SMITH, an
9   individual, and DANNY BARKER, and                 COMPLAINT FOR DAMAGES
    individual,
10
11                          Plaintiff,

                    v.
12
    JOHNSON & JOHNSON, a New Jersey
13  Corporation, DEPUY ORTHOPAEDICS, INC.,
    an Indiana Corporation;  A1A, Inc., a
14  Washington Corporation,

15                          Defendants.

16          COMES NOW the Plaintiff, by and through her attorneys of record, Lincoln C.

17  Beauregard and Ashton K. Dennis, and by way of claim alleges as follows:

18                  I.      PARTIES AND JURISDICTION

19          1.      Plaintiff Patsy Barker is a resident of Pierce County, Washington.

20          2.      Plaintiff Katherine Wells is Ms. Patsy Barker's daughter and resides in Pierce

21  County, Washington.

22          3.      Plaintiff Kenneth Smith is Ms. Patsy Barker's son and resides in Pierce

23  County, Washington.

COMPLAINT FOR DAMAGES - 1 of 10                          **CONNELLY LAW OFFICES**
                                                         2301 North 30th Street
                                                         Tacoma, WA  98403
                                                         (253) 593-5100 Phone - (253) 593-0380 Fax

1          4.      Plaintiff Danny Barker is Ms. Patsy Barker's son and resides in Thurston

2  County, Washington.

3          5.      Defendant Johnson & Johnson is a foreign corporation doing business in

4  Washington State including Pierce County.  Defendant Johnson & Johnson's principal place

5  of business is in New Jersey and is subject to the punitive laws of that state.

6          6.      Defendant DePuy Orthopaedics, Inc., hereinafter "DePuy," was a foreign

7  corporation licensed to and doing business in Washington State including Pierce County.

8  DePuy's registered agent is C T Corporation System located at 505 Union Avenue; Suite 120,

9  Olympia, Washington 98501.

10         7.      Defendant A1A, Inc., is a Washington Corporation with its principal place of

11  business in Seattle, Washington.   Defendant A1A, Inc.'s registered agent is Scott C.

12  Henderson located at 1201 3rd Avenue; Suite 3200, Seattle, Washington 98101.

13         8.      This Court has jurisdiction over this matter and venue is proper within King

14  County.

15               II.     STATEMENT OF FACTS

16         9.      Defendant Johnson & Jonson and Defendant DePuy manufactured and sold the

17  DePuy ASR hip implant device which is subject to this suit.

18         10.     Plaintiff Patsy Barker was implanted with a DePuy ASR hip implant on her

19  right hip on or about October 23, 2008 at Allenmore Hospital in Tacoma, Pierce County,

20  Washington by Dr. John J. Jiganti.

21         11.     Orthopeadic experts warned all named defendants were warned of significant

22  flaws with the ASR hip implant.  The defendants were warned that the ASR hip cup was too

23  thin and thus prone to deformation.  The defendants were warned that the clearance between

COMPLAINT FOR DAMAGES - 2 of 10

the ASR hip cup and head was too small and in some patients could lead to jamming of components.  The defendants were warned that the treatment of the metal used for the ASR hip cup and head was prone to increased wear.  By 2005, and three years prior to Ms. Barker's implant, the ASR hip implant was shown to have a fourfold higher rate of revision than a similar cup in the Australian Joint Registry.   All the named defendants disregarded these warnings and continued to manufacture and sell the product they knew to be flawed and dangerous.

12.    At all times relevant to this action, Defendant A1A, Inc., served as a distributor for the product at issue in this matter, promoting, selling, distributing, and servicing the product.  Defendant A1A, Inc., was warned that the product at issue was flawed in design prior to distributing said product.   In fact, Defendant A1A, Inc., received hundreds of complaints of the flawed product between 2005 and 2009.   Defendant A1A, Inc., had knowledge of the flawed design prior to Ms. Barker's implantation; however, it willfully disregarded those warnings and continued selling the product.

13.    DePuy recalled the ASR Hip System and components on or about August 24, 2010.

14.    Plaintiff was notified by Broadspire, an agent for DuPuy, of the recall on or about October 26, 2010.

15.    Plaintiff continued to suffer pain, suffering and injury as a result of the ASR Hip Implant and components.  Plaintiff had the DePuy ASR Hip Implant removed on August 1, 2013.  Since the date of the removal plaintiff has continued to suffer injury.  Prior to removing the implant, Plaintiff had elevated levels of metal in her blood as a result of the implant.

COMPLAINT FOR DAMAGES - 3 of 10

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

16.     Plaintiff has suffered injuries as a result of the implantation and removal of the DePuy ASR Hip System Device and components designed, developed, manufactured and marketed and/or sold by the defendants.

17.     Ms. Barker's children, Ms. Wells, Mr. Smith and Mr. Barker have suffered loss of consortium as a result of the defendants' conduct.

III.     CAUSES OF ACTION

***Products Liability***

19.     Defendant Johnson & Johnson and DePuy manufactured and distributed the ASR Hip System Device and components, hereinafter referred to as "the implant", involved in the incident described.

20.     Defendant Johnson & Johnson and DePuy are "manufacturer(s)" of the ASR Hip System Device and components that caused injury to the plaintiff, within the meaning of RCW 7.72.010(2), and a "product seller" within the meaning of RCW 7.72.010(1).

21.     A1A, Inc., is a "product seller" within the meaning of RCW 7.72.010(1) of the ASR Hip System Device and components that caused injury to the plaintiff.

22.     Defendants designed, developed, manufactured, marked and/or sold the ASR Hip System Device and components which are unreasonably dangerous and defective.

23.     Defendants developed, manufactured, marketed and / or sold ASR Hip System Device which is unreasonably dangerous and defective because it was in an unreasonably dangerous condition when put to its reasonably anticipated use.

24.     The unreasonably dangerous and defective ASR Hip System Device and components were used by Plaintiff in a manner reasonably anticipated by the defendants.

COMPLAINT FOR DAMAGES - 4 of 10

25.     As a product manufacturer, defendants are subject to strict liability because the ASR Hip System Device and components were not reasonably safe as designed and not reasonably safe because adequate warnings and instructions were not provided.

26.     Among the reasons the ASR Hip System Device and components were not reasonably safe as designed and were not reasonably safe as manufactured is that the design was unreasonably dangerous, necessary safeguards were not included adequate warnings and instructions were not included.

27.     The ASR Hip System and components were unsafe to an extent beyond which would be contemplated by the ordinary consumer, and contained other defects which rendered them not reasonably safe, subjecting defendant to strict liability under the Washington Product Liability Act, RCW 7.72, et seq.

***Consumer Protection Act***

28.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

29.     Defendants violated the Consumer Protection Act, RCW 19.86 et. seq. by misleading and deceiving Plaintiff about the safety and efficacy of the DePuy ASR Hip System Device and Components.

30.     Defendants engaged in unfair and deceptive actions.  These acts and practices occurred in the conduct of defendants' designers, manufacturers, distributors, and sellers of the DePuy ASR Hip System Device and components.  These acts and / or practices affected the public interest and caused plaintiff injury in her property.

31.     Defendants lured the plaintiff into accepting implantation of the DePuy ASR Hip System Device and components by making certain material representations.

COMPLAINT FOR DAMAGES - 5 of 10

1      32.    As a direct and proximate result of the defendants' actions, Plaintiff has

2  suffered damage, including but not limited to severe emotional pain and suffering.

3      33.    As a consequence of their wrongful conduct, defendants are liable to Plaintiff

4  for damages in an amount to be determined at trial.

5      *Breach of Implied Warranty*

6      34.    Plaintiff hereby re-alleges and incorporates by reference all previous

7  paragraphs as though fully set forth herein.

8      35.    Defendants designed, developed, manufactured, marketed and / or sold, and

9  supplied the DePuy ASR Hip System Device and components.  This product was not

10 reasonably safe because it did not conform to the manufacturer's express warranty.

11     36.    Plaintiff was injured by the device.

12     37.    The unsafe condition of the DePuy ASR Hip System Device and components

13 was a proximate cause of the plaintiff's injuries.

14     *Breach of Implied Warranty of Merchantability*

15     38.    Plaintiff hereby re-alleges and incorporates by reference all previous

16 paragraphs as though fully set forth herein.

17     39.    Defendants are merchants with respect to the goods of the kind that injured

18 plaintiff, i.e., the DePuy Hip System Device and components.

19     40.    Defendants are strictly liable to the plaintiffs as the DePuy ASR Hip System

20 Device and components did not conform to the implied warranties under Title 62A RCW.

21     41.    Plaintiff was injured by the device.

22     42.    The acts or omissions of the defendants were a proximate cause of plaintiff's

23 injuries and damages.

COMPLAINT FOR DAMAGES - 6 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    *Implied Warranty of Fitness for a Particular Purpose*

2    43.    Plaintiff hereby re-alleges and incorporates by reference all previous

3    paragraphs as though fully set forth herein.

4    44.    Defendants were informed and aware that Plaintiff intended to use the DePuy

5    ASR Hip System Device and components supplied under the contract as a hip replacement for

6    her right hip, and that Plaintiff relied upon their skill and judgment to select and / or furnish

7    suitable for that purpose.

8    45.    Defendants are strictly liable to Plaintiff as the DePuy ASR Hip System

9    Device and components did not conform to the implied warranties under Title 62A RCW.

10    46.    Plaintiff was injured by the device.

11    47.    Defendants' breach of the implied warranty of fitness for a particular purpose

12    was a proximate cause of the plaintiff's injuries.

13    *Outrage*

14    48.    Plaintiff hereby re-alleges and incorporates by reference all previous

15    paragraphs as though fully set forth herein.

16    49.    Defendant intentionally and / or recklessly inflicted severe emotional distress

17    upon the plaintiff and defendants knew or should have known that their conduct would likely

18    inflict severe emotional distress upon the plaintiff.

19    50.    Defendants' actions were extremely outrageous, beyond all possible bounds of

20    decency, atrocious, and utterly intolerable in a civilized community.

21    51.    As a direct and proximate result of the defendant's outrageous conduct,

22    plaintiff suffered severe emotional distress.

23

COMPLAINT FOR DAMAGES - 7 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

52.     As a consequence of their wrongful conduct, defendants are liable to plaintiff for damages in an amount to be determined at trial.

**_Negligent Infliction of Emotional Distress_**

53.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

54.     Defendants owed a duty of reasonable care to avoid inflicting emotional harm and distress upon the plaintiff.

55.     Defendants breached that duty, proximately causing harm to the plaintiff.

56.     It was reasonably foreseeable that the above-described actions and statement by the defendants would result in extreme emotional distress to the plaintiff, and such distress did proximately result.

57.     As a direct and proximate result of the defendants' outrageous conduct, plaintiff suffered severe emotional distress.

IV.     NOTICE

58.     Consistent with the provisions of RCW 5.60.060(4)(b) and pursuant to Loundon v. Mhyre, 110 Wn. 2d 675 (1988) Plaintiffs do not authorize ex parte contact with their physicians, either by way of in-person interviews, telephone conversations or conferences, correspondence or requests for medical records, unless accompanied by a properly noted subpoena duces tecum for discovery depositions.

IV.     DAMAGES

59.     Plaintiff suffered conscious pain, suffering and mental anguish, as well as physical disability and permanent injuries, the extent of which is now unknown but will be proven at time of trial.

COMPLAINT FOR DAMAGES - 8 of 10

1     60.    Plaintiff also claims damages for loss of enjoyment of life, emotional distress,

2    anguish, mental and emotional shock, loss of consortium and other special damages presently

3    unknown.

4     61.    Plaintiffs suffered loss of consortium as a direct and proximate result of the

5    defendant's conduct.

6     62.    As a direct and proximate result of the defendant's action, omission and

7    negligence, the Plaintiffs has suffered pecuniary loss and other general and special damages

8    that will be proven at the time of trial.

9     63.    Plaintiff further asserts and maintains any and all claims and damages in

10   accordance with RCW 4.16.340.

11     64.    Plaintiff further asserts and maintains any and all claims and damages for

12   punitive damages in accordance with law.

13

14            V.    PUNITIVE DAMAGES

15     65.0   Defendant Johnson & Johnson and DePuy is subject to punitive damages under

16   the laws of other jurisdictions including that of New Jersey.  Additionally, Defendant Johnson

17   & Johnson and DePuy should be bound by any other rulings from any other jurisdiction

18   providing for the availability of punitive damages under any appropriate jurisdiction.  This

19   notice is provided in accord with CR 44.1

20           VI.    PRAYER FOR RELIEF

21     WHEREFORE, Plaintiff requests a judgment against Defendants:

22     (a)    Awarding general damages and special damages in an amount to be proven at

23            trial;

COMPLAINT FOR DAMAGES - 9 of 10

1    (b)    Awarding reasonable attorneys' fees and actual and statutory litigation costs,

2           including expert witness fees, or other applicable law;

3    (c)    Awarding all punitive and exemplary damages under applicable law;

4    (d)    Awarding any and all applicable interest on the judgment; and

5    (e)    Awarding such other and further relief as the Court deems just and proper

6           under the circumstances of this case including those delineated by statute.

7

8    DATED this 5 day of September, 2013.

9                          CONNELLY LAW OFFICES

10

11

12    By_____
            Lincoln C. Beauregard, WSBA No. 32878
            Attorneys for Plaintiff

13

14                          McLAUGHLIN & ASSOCIATES

15

16    By_____
            Ashton K. Dennis, WSBA No. 44015

17          Attorneys for Plaintiff

18

19

20

21

22

23

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax



**BROADSPIRE**®
a Crawford Company

*300 Connell Drive – Suite 4100*
*Berkeley Heights, NJ 07922*

Phone: (866) 874-2865
Fax: (866) 225-0044

*Don't send*

October 26, 2010

Patsy Barker
9205 29th Ave Ct So Sp40
Lakewood, WA 98499

Claim #: 186111761-001
Date of Loss: 1/1/2008
Insured: Johnson & Johnson (Special-SI)

DePuy ASR Hip Recall Claim

DePuy ASR Claim #: 186111761-001

I am writing to share important information about your hip replacement implant, the DePuy ASR Hip System. A small number of patients with the hip implant you received have experienced problems that require additional care and potentially further treatment. For this reason, DePuy Orthopedics, Inc., the maker of your hip, has advised that they are recalling the ASR Hip System and recommending that patients be evaluated.

Per our conversation, DePuy will cover your out of pocket costs including the deductibles and co-pays you may incur. Please bring this letter to your physician, lab, or hospital advising them to send the bills for deductibles and co-payments, directly to Broadspire at the address below. Broadspire, on behalf of DePuy, will issue payment directly to your physician so you will not have to incur out of pocket expenses for the necessary medical testing.

Included with this letter is a *Medical Release Form*. Your completion of this form allows Broadspire to share information regarding your hip implant with DePuy. It is important to share this information with DePuy so DePuy or Broadspire may contact you directly regarding any additional information regarding the ASR Hip System and process your claims efficiently. Please complete the form and send back to my attention at the address below.

Please feel free to contact me with any questions you may have in regards to your claim.

Send all information to:

Broadspire
P.O. Box 608
Berkeley Hts., NJ 07922-0608
phone: (866) 874-2865
fax: (866) 225-0044

Sincerely,
Broadspire Services, Inc. on behalf of Johnson & Johnson/DePuy

*Kimberly A Taylor*
Claim Examiner
(800)545-2213 ext 3112



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON



Barker, Patsy

Plaintiff(s),

vs.

Johnson & Johnson

Respondent(s)

NO.    13-2-32031-2 SEA

ORDER SETTING CIVIL CASE SCHEDULE

ASSIGNED JUDGE:  Prochnau, Kimberley, Dept. 7

FILED DATE: 9/9/2013

TRIAL DATE: 11/24/2014

SCOMIS CODE: *ORSCS

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition.* Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition,* whether that response is a *Notice of Appearance,* a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

_____ | _____
PRINT NAME                        |         SIGN NAME



**I. NOTICES   (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $240 must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4:2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 9/9/2013 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 2/18/2014 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. *[See KCLCR 4.2(a) and Notices on Page 2]*. | 2/18/2014 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | 3/3/2014 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | 6/23/2014 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | 8/4/2014 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 8/18/2014 |
| | **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | 8/18/2014 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 10/6/2014 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 10/27/2014 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | 11/3/2014 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | 11/3/2014 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 11/10/2014 |
| √ | Joint Statement of Evidence [KCLCR 4(K)] | 11/17/2014 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 11/17/2014 |
| | Trial Date [*See KCLCR 40*]. | 11/24/2014 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED: __9/9/2013____

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES:**
**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is** available at http://www.kingcounty.gov/courts/superiorcourt.aspx. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES
**A. Noting of Motions**
**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents:** All original documents **must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

*Richard F. McDermott*
_____
**PRESIDING JUDGE**

1

2

3

4

5

6

7

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

8

9

10

11

12

13

14

15

PATSY BARKER, an individual, KATHERINE
WELLS, an individual, KENNETH SMITH, an
individual, and DANNY BARKER, and
individual,

                        Plaintiff,

        v.

JOHNSON & JOHNSON, a New Jersey
Corporation, DEPUY ORTHOPAEDICS, INC.,
an Indiana Corporation;  A1A, Inc., a
Washington Corporation,

                      Defendants.

NO.

SUMMONS

16

TO:    DEFENDANT

17

       The Plaintiffs have started a lawsuit against you in this Court.  The Plaintiffs state

18

their claim in the written complaint, a copy of which is served on you with this Summons.

19

       To defend against this lawsuit, you must respond to the complaint by stating your

20

defense in a written answer.  You must serve a copy of your answer on the attorney for the

21

Plaintiffs within twenty (20) days after the service of this summons, excluding the day of

22

service, or a default judgment may be entered against you without notice.  A default judgment

23

is one where the Plaintiffs are entitled to what they ask for because you have not responded.

SUMMONS - 1 of 2



CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    If, however, you serve a notice of appearance on the attorney for the Plaintiffs, you are

2    entitled to notice before a default judgment may be entered.

3        You may demand that the plaintiff file this lawsuit with the Court.  If you do so, you

4    must state your demand in writing and serve it on the Plaintiffs.  Within fourteen (14) days

5    after you serve the demand the Plaintiffs must file this lawsuit with the Court or this summons

6    will be void.

7        If you wish to seek the advice of an attorney in this matter, you should do so promptly

8    so that you may serve your written response, if any, on time.

9        This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

10   State of Washington.

11

12       DATED this 5 day of September, 2013.



13                    CONNELLY LAW OFFICES

14

15

16       By_____
                 Lincoln C. Beauregard, WSBA No. 32878
17               Attorneys for Plaintiff

18       McLAUGHLIN & ASSOCIATES

19

20

21       By_____
                 Ashton K. Dennis, WSBA No. 44015
22               Attorneys for Plaintiff

23

SUMMONS - 2 of 2

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1
2
3
4
5
6
7

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

8  PATSY BARKER, an individual, KATHERINE
   WELLS, an individual, KENNETH SMITH, an          NO.
9  individual, and DANNY BARKER, and
   individual,                                      COMPLAINT FOR DAMAGES
10
                              Plaintiff,
11                   v.

12 JOHNSON & JOHNSON, a New Jersey
   Corporation, DEPUY ORTHOPAEDICS, INC.,
13 an Indiana Corporation;  A1A, Inc., a
   Washington Corporation,
14
                              Defendants.
15

16      COMES NOW the Plaintiff, by and through her attorneys of record, Lincoln C.

   Beauregard and Ashton K. Dennis, and by way of claim alleges as follows:
17
                  I.      PARTIES AND JURISDICTION
18
        1.      Plaintiff Patsy Barker is a resident of Pierce County, Washington.
19
        2.      Plaintiff Katherine Wells is Ms. Patsy Barker's daughter and resides in Pierce
20
   County, Washington.
21
        3.      Plaintiff Kenneth Smith is Ms. Patsy Barker's son and resides in Pierce
22
   County, Washington.
23

COMPLAINT FOR DAMAGES - 1 of 10

COPY

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    4.    Plaintiff Danny Barker is Ms. Patsy Barker's son and resides in Thurston

2    County, Washington.

3    5.    Defendant Johnson & Johnson is a foreign corporation doing business in

4    Washington State including Pierce County.  Defendant Johnson & Johnson's principal place

5    of business is in New Jersey and is subject to the punitive laws of that state.

6    6.    Defendant DePuy Orthopaedics, Inc., hereinafter "DePuy," was a foreign

7    corporation licensed to and doing business in Washington State including Pierce County.

8    DePuy's registered agent is C T Corporation System located at 505 Union Avenue; Suite 120,

9    Olympia, Washington 98501.

10    7.    Defendant A1A, Inc., is a Washington Corporation with its principal place of

11    business in Seattle, Washington.   Defendant A1A, Inc.'s registered agent is Scott C.

12    Henderson located at 1201 3rd Avenue; Suite 3200, Seattle, Washington 98101.

13    8.    This Court has jurisdiction over this matter and venue is proper within King

14    County.

II.    STATEMENT OF FACTS

16    9.    Defendant Johnson & Jonson and Defendant DePuy manufactured and sold the

17    DePuy ASR hip implant device which is subject to this suit.

18    10.    Plaintiff Patsy Barker was implanted with a DePuy ASR hip implant on her

19    right hip on or about October 23, 2008 at Allenmore Hospital in Tacoma, Pierce County,

20    Washington by Dr. John J. Jiganti.

21    11.    Orthopeadic experts warned all named defendants were warned of significant

22    flaws with the ASR hip implant.  The defendants were warned that the ASR hip cup was too

23    thin and thus prone to deformation.  The defendants were warned that the clearance between

COMPLAINT FOR DAMAGES - 2 of 10

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

the ASR hip cup and head was too small and in some patients could lead to jamming of components.  The defendants were warned that the treatment of the metal used for the ASR hip cup and head was prone to increased wear.  By 2005, and three years prior to Ms. Barker's implant, the ASR hip implant was shown to have a fourfold higher rate of revision than a similar cup in the Australian Joint Registry.  All the named defendants disregarded these warnings and continued to manufacture and sell the product they knew to be flawed and dangerous.

12.    At all times relevant to this action, Defendant A1A, Inc., served as a distributor for the product at issue in this matter, promoting, selling, distributing, and servicing the product.  Defendant A1A, Inc., was warned that the product at issue was flawed in design prior to distributing said product.   In fact, Defendant A1A, Inc., received hundreds of complaints of the flawed product between 2005 and 2009.   Defendant A1A, Inc., had knowledge of the flawed design prior to Ms. Barker's implantation; however, it willfully disregarded those warnings and continued selling the product.

13.    DePuy recalled the ASR Hip System and components on or about August 24, 2010.

14.    Plaintiff was notified by Broadspire, an agent for DuPuy, of the recall on or about October 26, 2010.

15.    Plaintiff continued to suffer pain, suffering and injury as a result of the ASR Hip Implant and components.  Plaintiff had the DePuy ASR Hip Implant removed on August 1, 2013.  Since the date of the removal plaintiff has continued to suffer injury.  Prior to removing the implant, Plaintiff had elevated levels of metal in her blood as a result of the implant.

COMPLAINT FOR DAMAGES - 3 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

16.     Plaintiff has suffered injuries as a result of the implantation and removal of the DePuy ASR Hip System Device and components designed, developed, manufactured and marketed and/or sold by the defendants.

17.     Ms. Barker's children, Ms. Wells, Mr. Smith and Mr. Barker have suffered loss of consortium as a result of the defendants' conduct.

III.     CAUSES OF ACTION

*Products Liability*

19.     Defendant Johnson & Johnson and DePuy manufactured and distributed the ASR Hip System Device and components, hereinafter referred to as "the implant", involved in the incident described.

20.     Defendant Johnson & Johnson and DePuy are "manufacturer(s)" of the ASR Hip System Device and components that caused injury to the plaintiff, within the meaning of RCW 7.72.010(2), and a "product seller" within the meaning of RCW 7.72.010(1).

21.     A1A, Inc., is a "product seller" within the meaning of RCW 7.72.010(1) of the ASR Hip System Device and components that caused injury to the plaintiff.

22.     Defendants designed, developed, manufactured, marked and/or sold the ASR Hip System Device and components which are unreasonably dangerous and defective.

23.     Defendants developed, manufactured, marketed and / or sold ASR Hip System Device which is unreasonably dangerous and defective because it was in an unreasonably dangerous condition when put to its reasonably anticipated use.

24.     The unreasonably dangerous and defective ASR Hip System Device and components were used by Plaintiff in a manner reasonably anticipated by the defendants.

COMPLAINT FOR DAMAGES - 4 of 10

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

25.     As a product manufacturer, defendants are subject to strict liability because the ASR Hip System Device and components were not reasonably safe as designed and not reasonably safe because adequate warnings and instructions were not provided.

26.     Among the reasons the ASR Hip System Device and components were not reasonably safe as designed and were not reasonably safe as manufactured is that the design was unreasonably dangerous, necessary safeguards were not included adequate warnings and instructions were not included.

27.     The ASR Hip System and components were unsafe to an extent beyond which would be contemplated by the ordinary consumer, and contained other defects which rendered them not reasonably safe, subjecting defendant to strict liability under the Washington Product Liability Act, RCW 7.72, et seq.

*Consumer Protection Act*

28.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

29.     Defendants violated the Consumer Protection Act, RCW 19.86 et. seq. by misleading and deceiving Plaintiff about the safety and efficacy of the DePuy ASR Hip System Device and Components.

30.     Defendants engaged in unfair and deceptive actions. These acts and practices occurred in the conduct of defendants' designers, manufacturers, distributors, and sellers of the DePuy ASR Hip System Device and components. These acts and / or practices affected the public interest and caused plaintiff injury in her property.

31.     Defendants lured the plaintiff into accepting implantation of the DePuy ASR Hip System Device and components by making certain material representations.

COMPLAINT FOR DAMAGES - 5 of 10

32.     As a direct and proximate result of the defendants' actions, Plaintiff has suffered damage, including but not limited to severe emotional pain and suffering.

33.     As a consequence of their wrongful conduct, defendants are liable to Plaintiff for damages in an amount to be determined at trial.

**Breach of Implied Warranty**

34.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

35.     Defendants designed, developed, manufactured, marketed and / or sold, and supplied the DePuy ASR Hip System Device and components.   This product was not reasonably safe because it did not conform to the manufacturer's express warranty.

36.     Plaintiff was injured by the device.

37.     The unsafe condition of the DePuy ASR Hip System Device and components was a proximate cause of the plaintiff's injuries.

**Breach of Implied Warranty of Merchantability**

38.     Plaintiff hereby re-alleges and incorporates by reference all previous paragraphs as though fully set forth herein.

39.     Defendants are merchants with respect to the goods of the kind that injured plaintiff, i.e., the DePuy Hip System Device and components.

40.     Defendants are strictly liable to the plaintiffs as the DePuy ASR Hip System Device and components did not conform to the implied warranties under Title 62A RCW.

41.     Plaintiff was injured by the device.

42.     The acts or omissions of the defendants were a proximate cause of plaintiff's injuries and damages.

COMPLAINT FOR DAMAGES - 6 of 10

1        ***Implied Warranty of Fitness for a Particular Purpose***

2        43.    Plaintiff hereby re-alleges and incorporates by reference all previous

3    paragraphs as though fully set forth herein.

4        44.    Defendants were informed and aware that Plaintiff intended to use the DePuy

5    ASR Hip System Device and components supplied under the contract as a hip replacement for

6    her right hip, and that Plaintiff relied upon their skill and judgment to select and / or furnish

7    suitable for that purpose.

8        45.    Defendants are strictly liable to Plaintiff as the DePuy ASR Hip System

9    Device and components did not conform to the implied warranties under Title 62A RCW.

10       46.    Plaintiff was injured by the device.

11       47.    Defendants' breach of the implied warranty of fitness for a particular purpose

12   was a proximate cause of the plaintiff's injuries.

13       ***Outrage***

14       48.    Plaintiff hereby re-alleges and incorporates by reference all previous

15   paragraphs as though fully set forth herein.

16       49.    Defendant intentionally and / or recklessly inflicted severe emotional distress

17   upon the plaintiff and defendants knew or should have known that their conduct would likely

18   inflict severe emotional distress upon the plaintiff.

19       50.    Defendants' actions were extremely outrageous, beyond all possible bounds of

20   decency, atrocious, and utterly intolerable in a civilized community.

21       51.    As a direct and proximate result of the defendant's outrageous conduct,

22   plaintiff suffered severe emotional distress.

23

COMPLAINT FOR DAMAGES - 7 of 10

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    52.    As a consequence of their wrongful conduct, defendants are liable to plaintiff

2    for damages in an amount to be determined at trial.

3        *Negligent Infliction of Emotional Distress*

4    53.    Plaintiff hereby re-alleges and incorporates by reference all previous

5    paragraphs as though fully set forth herein.

6    54.    Defendants owed a duty of reasonable care to avoid inflicting emotional harm

7    and distress upon the plaintiff.

8    55.    Defendants breached that duty, proximately causing harm to the plaintiff.

9    56.    It was reasonably foreseeable that the above-described actions and statement

10   by the defendants would result in extreme emotional distress to the plaintiff, and such distress

11   did proximately result.

12   57.    As a direct and proximate result of the defendants' outrageous conduct,

13   plaintiff suffered severe emotional distress.

14               IV.    NOTICE

15   58.    Consistent with the provisions of RCW 5.60.060(4)(b) and pursuant to

16   Loundon v. Mhyre, 110 Wn. 2d 675 (1988) Plaintiffs do not authorize ex parte contact with

17   their physicians, either by way of in-person interviews, telephone conversations or

18   conferences, correspondence or requests for medical records, unless accompanied by a

19   properly noted subpoena duces tecum for discovery depositions.

20               IV.    DAMAGES

21   59.    Plaintiff suffered conscious pain, suffering and mental anguish, as well as

22   physical disability and permanent injuries, the extent of which is now unknown but will be

23   proven at time of trial.

COMPLAINT FOR DAMAGES - 8 of 10

60.     Plaintiff also claims damages for loss of enjoyment of life, emotional distress, anguish, mental and emotional shock, loss of consortium and other special damages presently unknown.

61.     Plaintiffs suffered loss of consortium as a direct and proximate result of the defendant's conduct.

62.     As a direct and proximate result of the defendant's action, omission and negligence, the Plaintiffs has suffered pecuniary loss and other general and special damages that will be proven at the time of trial.

63.     Plaintiff further asserts and maintains any and all claims and damages in accordance with RCW 4.16.340.

64.     Plaintiff further asserts and maintains any and all claims and damages for punitive damages in accordance with law.

V.     PUNITIVE DAMAGES

65.0     Defendant Johnson & Johnson and DePuy is subject to punitive damages under the laws of other jurisdictions including that of New Jersey.  Additionally, Defendant Johnson & Johnson and DePuy should be bound by any other rulings from any other jurisdiction providing for the availability of punitive damages under any appropriate jurisdiction.  This notice is provided in accord with CR 44.1

VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a judgment against Defendants:

(a)     Awarding general damages and special damages in an amount to be proven at trial;

COMPLAINT FOR DAMAGES - 9 of 10

CONNELLY LAW OFFICES
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone · (253) 593-0380 Fax

(b)   Awarding reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, or other applicable law;

(c)   Awarding all punitive and exemplary damages under applicable law;

(d)   Awarding any and all applicable interest on the judgment; and

(e)   Awarding such other and further relief as the Court deems just and proper under the circumstances of this case including those delineated by statute.

DATED this 5 day of September, 2013.

CONNELLY LAW OFFICES

By_____
    Lincoln C. Beauregard, WSBA No. 32878
    Attorneys for Plaintiff

McLAUGHLIN & ASSOCIATES

By_____
    Ashton K. Dennis, WSBA No. 44015
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES - 10 of 10

**BROADSPIRE**®
a Crawford Company

*300 Connell Drive – Suite 4100*
*Berkeley Heights, NJ 07922*

Phone: (866) 874-2865
Fax: (866) 225-0044

*Don't send*

October 26, 2010

Patsy Barker
9205 29th Ave Ct So Sp40
Lakewood, WA 98499

| |
|---|
| Claim #: 186111761-001 |
| Date of Loss: 1/1/2008 |
| Insured: Johnson & Johnson (Special-SI) |

DePuy ASR Hip Recall Claim

DePuy ASR Claim #: 186111761-001

I am writing to share important information about your hip replacement implant, the DePuy ASR Hip System. A small number of patients with the hip implant you received have experienced problems that require additional care and potentially further treatment. For this reason, DePuy Orthopedics, Inc., the maker of your hip, has advised that they are recalling the ASR Hip System and recommending that patients be evaluated.

Per our conversation, DePuy will cover your out of pocket costs including the deductibles and co-pays you may incur. Please bring this letter to your physician, lab, or hospital advising them to send the bills for deductibles and co-payments, directly to Broadspire at the address below. Broadspire, on behalf of DePuy, will issue payment directly to your physician so you will not have to incur out of pocket expenses for the necessary medical testing.

Included with this letter is a ***Medical Release Form***. Your completion of this form allows Broadspire to share information regarding your hip implant with DePuy. It is important to share this information with DePuy so DePuy or Broadspire may contact you directly regarding any additional information regarding the ASR Hip System and process your claims efficiently. Please complete the form and send back to my attention at the address below.

Please feel free to contact me with any questions you may have in regards to your claim.

Send all information to:

Broadspire
P.O. Box 608
Berkeley Hts., NJ 07922-0608
phone: (866) 874-2865
fax: (866) 225-0044

Sincerely,
Broadspire Services, Inc. on behalf of Johnson & Johnson/DePuy

*Kimberly A Taylor*
Claim Examiner
(800)545-2213 ext 3112

Rev. 10/11/10

DPY Patient Letter wRlse

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

Barker, Patsy

Plaintiff(s),

vs.

Johnson & Johnson

Respondent(s)

NO.   13-2-32031-2 SEA
ORDER SETTING CIVIL CASE SCHEDULE

ASSIGNED JUDGE: Prochnau, Kimberley, Dept. 7

FILED DATE: 9/9/2013
TRIAL DATE: 11/24/2014
SCOMIS CODE: *ORSCS

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**"I understand that I am required to give a copy of these documents to all parties in this case."**

PRINT NAME                                                  SIGN NAME



## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR* 26], and for meeting the discovery cutoff date [*See KCLCR* 37(g)].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$240** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration** fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at <u>www.kingcounty.gov/courts/clerk</u>.**

## II. CASE SCHEDULE

| √ | CASE EVENTS | DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 9/9/2013 |
| √ | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | 2/18/2014 |
| √ | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | 2/18/2014 |
| | **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | 3/3/2014 |
| | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(b)*]. | 6/23/2014 |
| | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(b)*]. | 8/4/2014 |
| | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 8/18/2014 |
| | **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(e)(2)]. | 8/18/2014 |
| | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 10/6/2014 |
| | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 10/27/2014 |
| | **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [*See KCLCR 4(j)*]. | 11/3/2014 |
| √ | **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)]. | 11/3/2014 |
| | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 11/10/2014 |
| √ | Joint Statement of Evidence [KCLCR 4(K)] | 11/17/2014 |
| | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk). | 11/17/2014 |
| | Trial Date [*See KCLCR 40*]. | 11/24/2014 |

The √ indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

*Richard F. McDermott*

DATED: __9/9/2013____    _____

PRESIDING JUDGE

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

#### A. Joint Confirmation regarding Trial Readiness Report:
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

**The form is available at** http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

#### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

#### C. Trial: Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

### MOTIONS PROCEDURES
#### A. Noting of Motions
**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:** Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time. However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original Documents/Working Copies/ Filing of Documents:** All original documents must be filed with the Clerk's Office. Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.

**Service of documents:** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application. The filer must still serve any others who are entitled to service but who have not opted in. E-Service generates a record of service document that can be e-filed. Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. Do not file the original of the proposed order with the Clerk of the Court. Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.** Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C. Form**
Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for non-dispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**